NO. 07-00-0501-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 18, 2001

______________________________

RAUL GARZA,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 180
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 847303; HON. DEBBIE MANTOOTH STRICKLIN, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant,
 Raul Garza, pled guilty on July 24, 2000 to the charge of engaging in organized criminal activity for the purpose of committing theft of a motor vehicle.  He was sentenced to serve five years in the Texas Department of Criminal Justice.
  Appellant proceeded to file a notice of appeal on August 2, 2000 without permission from the trial court.  A motion for new trial was filed August 3, 2000 and was denied on August 4, 2000.  The clerk’s record was filed with this court on December 29, 2000.  The reporter’s record was due to be timely filed by November 21, 2000 pursuant to Rule 35.2 (b) of the Texas Rules of Appellate Procedure, however, it has not yet been filed with this court.

Accordingly, we now abate this appeal and remand the cause to the 180
th
 District Court of Harris County (trial court) for further proceedings pursuant to Rule 35.3 (c) of the Texas Rules of Appellate Procedure.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to continue to prosecute this appeal; and

whether appellant is indigent and entitled to the appointment of counsel and the preparation of a free clerk’s record and court reporter’s record.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant is indigent, then the trial court shall take such measures as may be necessary to insure a reporter’s record is prepared and duly filed with this court.  Should it be determined that appellant is entitled to appointed counsel and does not have counsel, the trial court shall appoint counsel to prosecute this appeal.  The trial court shall also execute findings of fact and conclusions of law addressing the aforementioned issues, and cause same to be included in a supplemental clerk’s record.  Also to be included in the findings is the name, address, state bar number, telephone and telefax number of appellant’s counsel, should one be appointed by the trial court.  Finally, the trial court shall file the supplemental clerk’s record and the transcription of the hearing with the Clerk of this Court 

by Friday, February 23, 2001.  Should further time be needed by the trial court to perform these tasks, then same must be requested before February 23, 2001.

It is so ordered.

Per Curiam

Do not publish.